[No. 7613.   Decided March 1, 1909.]

# THE STATE OF WASHINGTON, *on the Relation of Oregon Railroad & Navigation Company, Appellant,* v. RAILROAD COMMISSION OF WASHINGTON *et al., Respondents.*[1]

RAILROADS—REGULATION—RAILROAD COMMISSION—REVIEW OF ORDERS—CERTIORARI—RECORD—CERTIFYING EVIDENCE.   Upon certiorari to review an order of the state railroad commission, the evidence used in other cases, under stipulation, may be certified by reference thereto in the return to the writ, it not being objected that it was not certified, as the form of certification is not material.

SAME—TRACKAGE CONNECTIONS—POWER OF RAILWAY COMMISSION. Under Laws 1907, p. 538, § 3, vesting the state railroad commission with power to make regulations concerning the sufficiency of the trackage, railroad connections, siding, etc., and to order additional trackage or siding constructed, the commission has power to order physical track connections between different railroads.

STATUTES—AMENDMENTS—TIME OF TAKING EFFECT — EMERGENCY CLAUSE.   Where an act passed two years previously is amended in various particulars, and by adding another section which provided that "an emergency exists and this act shall take effect immediately," the emergency clause has reference to the amendatory act and not to the original act, which accordingly takes effect upon approval.

RAILROADS—REGULATIONS—RAILROAD COMMISSION—ORDERS — JUDICIAL REVIEW—CONSTITUTIONAL LAW—DUE PROCESS OF LAW.   The act of 1907, p. 538, § 3, conferring authority upon the state railroad commission to compel trackage connections between railroads and to determine who should pay the cost of the same, is not an interference with property, amounting to the taking of the same without due process of law; since the act provides for a review of the order of the commission by the superior court.

SAME—PROCEDURE—APPEAL—REVIEW—EVIDENCE.   It is not material that the act requires a review of the order in the superior court upon the testimony taken before the railroad commission; since the act provides a complete remedy if the commission refuses to accept competent evidence, by a reversal for error with instructions to receive the evidence proffered and rejected.

[1]Reported in 100 Pac. 179.

2—52 WASH.

SAME—WITNESS—ATTENDANCE. The procedure before the commission is not objectionable for lack of due process because the attendance of witnesses cannot be compelled, since attendance may be compelled through an order of the superior court, under section 4, Laws 1907, p. 544.

SAME—PERJURY. Nor is it objectionable for want of penalties for perjury, since the general law of perjury applies.

SAME—PROCEDURE—COMMISSION AS ACCUSERS. Laws 1907, ch. 226, p. 536, authorizing the state railroad commission to hear and determine complaints against railroad companies as a mediatory court on matters of railroad regulation is not objectionable in that the commission may be the accuser and file the complaint against the companies, there being no presumption of partiality or unfairness from such fact.

SAME—NUMBER OF WITNESSES. The act is not objectionable in that it empowers the commission to limit the number of witnesses.

SAME—CONSTITUTIONAL LAW—DELEGATION OF LEGISLATIVE POWERS. The act of 1907, p. 530, § 3, conferring authority upon the state railroad commission to order trackage connections between railroads is not an unlawful delegation of legislative power on the theory that the legislature has established no standards or principles for the guidance of the commission, since the act provides in many places that the enforcement of its provisions shall be just, fair and reasonable.

SAME—CONSTITUTIONAL LAW—GOVERNMENTAL POWERS—COMMINGLING—RESTRICTIONS. The railroad commission act creating a regulative railroad commission with executive and administrative duties may also confer on the commission judicial powers as a mediatory court, since the constitutional division of governmental powers into three separate departments applies only in a limited sense, and does not restrict one set of officers to one department exclusively.

APPEAL—REVIEW—FINDINGS. Findings of a railroad commission as to the necessity of track connections will not be disturbed unless the supreme court is satisfied that they were not justified by the evidence.

APPEAL—REVIEW—UNNECESSARY QUESTIONS—CONSTITUTIONAL LAW. The supreme court will not pass upon a constitutional question that is not a material issue in the case.

Appeal from a judgment of the superior court for Thurston county, Linn, J., entered March 5, 1908, affirming on certiorari an order of the state railroad commission respecting trackage connections, after a hearing before the court. Affirmed.

*W. W. Cotton, Arthur C. Spencer, Zera Snow,* and *Wallace McCamant,* for appellant, contended, among other things, that the legislature having established no standards or principles of regulation by which the commission is to be guided, any conferring of power without such standard or principles is a bald delegation of legislative authority. *United States v. Blasingame,* 116 Fed. 654; *United States v. Matthews,* 146 Fed. 306; *State v. Great Northern R. Co.,* 100 Minn. 445, 111 N. W. 289, 10 L. R. A. (N. S.) 250; *Mitchell v. State ex rel. Florence Dispensary,* 134 Ala. 392, 32 South. 687; *O'Neil v. American Fire Ins. Co.,* 166 Pa. St. 72, 30 Atl. 943, 45 Am. St. 650, 26 L. R. A. 715; *United States v. One Package of Distilled Spirits,* 88 Fed. 856; *Morrill v. Jones,* 106 U. S. 466, 1 Sup. Ct. 423, 27 L. Ed. 267; *Jannin v. State,* 42 Tex. Cr. 631, 51 S. W. 1126, 62 S. W. 419. While the right of regulation by the state of railway property and its use is admitted, this power of regulation is not unlimited, and all regulation of the business of common carriers, whether such regulation consists in the control of rates or the making of track connections, must be reasonable, and the question of the reasonableness or unreasonableness of all such attempted regulation is essentially a judicial question; and, if not permitted by the regulation under which it is undertaken, constitutes the taking of property without due process of law and a denial to the owner of the equal protection of the laws. *Chicago City R. Co. v. Chicago,* 142 Fed. 844; *Denver v. Bayer,* 7 Colo. 113, 2 Pac. 6; *Chicago etc. R. Co. v. Englewood Conn. R. Co.,* 115 Ill. 375, 4 N. E. 246, 56 Am. Rep. 173; *In re Marshall,* 102 Fed. 323; *Railroad Commission Cases,* 116 U. S. 307, 6 Sup. Ct. 334, 348, 349, 388, 391, 1191, 29 L. Ed. 636; *Chicago etc. R. Co. v. Minnesota,* 134 U. S. 418, 10 Sup. Ct. 462, 702, 33 L. Ed. 970; *Chicago etc. R. Co. v. Wellman,* 143 U. S. 339, 12 Sup. Ct. 400, 36 L. Ed. 176; *Reagan v. Farmers' Loan & Trust Co.,* 154 U. S. 362, 14 Sup. Ct. 1047, 38 L. Ed. 1014; *Lake Shore etc. R. Co. v. Smith,* 173 U. S. 684,

19 Sup. Ct. 565, 43 L. Ed. 858; *Smyth v. Ames,* 169 U. S. 466, 18 Sup. Ct. 418, 42 L. Ed. 819; *Chicago etc. R. Co. v. Tompkins,* 176 U. S. 167, 20 Sup. Ct. 336, 44 L. Ed. 417; *Wisconsin etc. R. Co. v. Jacobson,* 179 U. S. 287, 21 Sup. Ct. 115, 45 L. Ed. 194. In the absence of provisions in the state constitution authorizing the legislature to intermingle legislative, executive, and judicial powers, such intermingling of powers in the same body cannot be conferred. The Federalist, No. 47; Jefferson's, Notes on the State of Virginia, p. 195; Cooley, Constitutional Limitation, p. 87; Black, Constitutional Law, § 51; *Western Union Tel. Co. v. Myatt,* 98 Fed. 335, 348; *State v. Johnson,* 61 Kan. 803, 60 Pac. 1068, 49 L. R. A. 662; *Louisville & N. R. Co. v. McChord,* 103 Fed. 216; *Winchester etc. R. Co. v. Commonwealth,* 106 Va. 264, 55 S. E. 692. The railway commission law is unconstitutional because of its excessive penalties which follow the refusal to comply with the order, making it necessary to comply with the order rather than to resort to the courts for a decision as to the validity and reasonableness of the order; such legislation being a denial of the equal protection of the laws and an enforced taking of property without compensation. *Ex parte Young,* 209 U. S. 123, 28 Sup. Ct. 441, 52 L. Ed. 714; *Southern R. Co. v. McNeill,* 155 Fed. 756.

*John D. Atkinson, Attorney General,* and *J. B. Alexander,* and *E. C. Macdonald, Assistants,* for respondents, contended, among other things, that the railroad commission act of 1907, authorized the commission to inquire into and order track connections, and provide for full hearing upon all matters which are the subject of inquiry by the commission. *Atchison etc. R. Co. v. Denver etc. R. Co.,* 110 U. S. 667, 4 Sup. Ct. 185, 28 L. Ed. 291; *Wisconsin etc. R. Co. v. Jacobson,* 179 U. S. 287, 21 Sup. Ct. 115, 45 L. Ed. 194; *State ex rel. Lamar v. Jacksonville Terminal Co.,* 41 Fla. 377, 27 South. 225. The act is not unconstitutional in that it delegates to the commission any legislative power, but the

act itself clearly and sufficiently furnishes standards and guides for the action of the commission in administering the law. *Field v. Clark*, 143 U. S. 649, 12 Sup. Ct. 495, 36 L. Ed. 294; *Wisconsin etc. R. Co. v. Jacobson, supra*; *People v. Long Island R. Co.*, 134 N. Y. 506, 31 N. E. 873; *New York etc. R. Co. v. Bristol*, 151 U. S. 556, 14 Sup. Ct. 437, 38 L. Ed. 269; *Trustees of Saratoga Springs v. Saratoga Gas Elec. L. & P. Co.*, 122 App. Div. 203, 107 N. Y. Supp. 341; *Id.*, 191 N. Y. 123, 83 N. E. 693; *Chicago etc. R. Co. v. Jones*, 149 Ill. 361, 37 N. E. 247, 41 Am. St. 278, 24 L. R. A. 141; *State ex rel. Attorney General v. McGraw*, 13 Wash. 311, 43 Pac. 176; *In re Westlake Avenue*, 40 Wash. 144, 82 Pac. 279. The act gives ample provision for judicial review, and is not repugnant to the provisions of the 14th amendment of the constitution as a taking of property without due process of law. *Wisconsin etc. R. Co. v. Jacobson*, and *New York etc. R. Co. v. Bristol, supra; Atlantic Coast Line R. Co. v. North Carolina Corp. Commission*, 206 U. S. 1, 27 Sup. Ct. 585, 51 L. Ed. 923; *Northern Pac. R. Co. v. Washington Territory*, 142 U. S. 492, 12 Sup. Ct. 283. The act is not objectionable or unconstitutional as containing judicial, legislative, and administrative powers intermingled or united. *Trustees of Saratoga Springs v. Saratoga Gas Elec. L. & P. Co.*, 190 N. Y. 562, 83 N. E. 693; *Dreyer v. Illinois*, 187 U. S. 71, 23 Sup. Ct. 28, 47 L. Ed. 79; *Missouri etc. R. Co. v. Shannon*, 100 Texas 379, 100 S. W. 138, 10 L. R. A. (N. S.) 681; *Bellingham Bay Imp. Co. v. New Whatcom*, 20 Wash. 53, 54 Pac. 774; *Selde v. Lincoln County*, 25 Wash. 198, 65 Pac. 192; *In re Westlake Avenue, supra; State ex rel. Matson v. Superior Court*, 42 Wash. 491, 85 Pac. 264; *In re Thompson*, 36 Wash. 377, 78 Pac. 899. The provision placing the burden of proof upon the railroad company, on review proceedings before the superior court, to show that the order of the commission is unreasonable, is a rule of evidence clearly within the power of legislative authority. *Atlantic Coast Line R. Co. v. Florida*, 203

U. S. 256, 27 Sup. Ct. 108, 51 L. Ed. 174; *Reagan v. Farm-* *ers' Loan & Trust Co.*, 154 U. S. 362, 14 Sup. Ct. 1047, 38 L. Ed. 1014; *Tilley v. Savannah etc. R. Co.*, 5 Fed. 641, 659; *Chicago etc. R. Co. v. Jones, supra; Burlington etc. R. Co. v. Dey*, 82 Iowa 312, 48 N. W. 98, 31 Am. St. 477, 12 L. R. A. 436; *Minneapolis etc. R. Co. v. Minnesota*, 186 U. S. 257, 22 Sup. Ct. 900, 46 L. Ed. 115; *Chicago etc. R. Co. v. Tompkins*, 90 Fed. 363. The act is not deficient in that the commission might discriminate against the railroad or might construe the law as not requiring it to issue process or procure court process for the benefit of the railroads. *Castillo v. McConnico*, 168 U. S. 674, 18 Sup. Ct. 229, 42 L. Ed. 622. The commission should not be confined strictly to the rules of evidence prescribed for courts, and it will be presumed that the commission knows or will recognize, if offer of proof is made, what facts or evidence have a bearing upon the case. *Trustees of Saratoga Springs v. Saratoga Gas & Elec. Co.* and *Reagan v. Farmers' Loan & Trust Co., supra*.

DUNBAR, J.—This is an appeal by the railroad company from a judgment of the superior court for Thurston county, affirming as reasonable and lawful an order of the railroad commission, ordering certain track connections between the appellant's lines of railway and the lines of the Northern Pacific Railway Company and the Spokane & Inland Railroad Company. A statement of facts and bill of exceptions was settled by the trial court, in which the evidence considered by the court below and a statement of the exceptions reserved were set out. On May 13, 1907, the commission caused to be filed with itself, as complainant, a complaint against the railroads interested, which, among other things, complained of the lack of track connections between the appellant's lines of railway and other railways in Eastern Washington. The complaint was verified by the chairman of the commission, and prayed for the interchange of cars, at Oakesdale and Garfield between the Northern Pacific, the

Spokane & Inland and the O. R. & N. Company; at Connell,
Pullman, and Farmington between the Northern Pacific and
the O. R. & N. Company; at Waverly, Thornton and Colfax
between the O. R. & N. Company and the Spokane & Inland;
at Rosalia and Palouse between the Northern Pacific and the
Spokane & Inland. Citation was duly issued, directing the
attendance of the interested railroads. The appellant ap-
peared in response to the citation, filed its objections to the
jurisdiction of the commission, and filed an answer. The
hearing being had, an order was made directing track con-
nections to be made by the interested railroads as above in-
dicated, and dismissing the petition as to the track connec-
tions at Rosalia and Palouse. We have considered this case
in connection with the case of *State ex rel. Great Northern
R. Co. v. Railroad Commission, post* p. 33, 100 Pac. 187,
as most of the questions involved in the latter case are in-
volved in the case now under discussion, although this case
raises some additional questions. But the arguments and
citations of authority in both cases will be considered in the
discussion of this case. The order for track connections
having been served, the appellant in due course filed a peti-
tion to review the order of the commission, in the superior
court of Thurston county. A writ was issued, and pursuant
thereto a hearing was had upon the proceedings, and evidence
certified by the commission to the said superior court.

Here we may notice an objection raised to the manner in
which the testimony in these different cases was certified. The
complaint was an omnibus complaint, and the commission in
its return referred to the evidence in certain other cases as
evidence taken in the matter of this cause concerning the
track connection order; and it was stipulated that the evi-
dence referred to by the commission did contain the evidence
which was taken in this case. We see no real objection to
this manner of certifying the testimony or statement of facts
to the superior court. It is not contended that the evidence

in the case was not certified, and the particular form in which it was certified seems to us not to be material.

The cause coming on for hearing, the appellant offered at the trial to produce and introduce before the court competent material and noncumulative evidence affecting the merits. The court refused to permit the evidence to be introduced or to permit witnesses to be sworn in support of the offer, holding that, under the statute creating a railroad commission and defining its duties and powers, no evidence could be introduced before the court in the case, and that the cause was required to be tried upon the testimony taken before the commission; to which ruling the appellant duly excepted on the ground that the ruling of the court deprived the appellant of its property without due process of law, and denied to it the equal protection of the laws, contrary to the fourteenth amendment to the constitution of the United States. With the view we take of the law, it is not necessary to produce here the testimony offered. Various assignments of error are made, but they are more in the form of assertion of what the law is than of the ordinary and regular assignment; so that we will consider the merits of the assignments as they are presented by the briefs and arguments.

The first contention of appellant is that the railroad commission law does not confer power or authority to institute an inquiry before the commission upon the question of track connections, or permit the commission to make any orders in respect thereto. The railroad commission law was passed in 1905, and it is conceded that, under the provisions of that act, the action of the commission complained of was not authorized; at least, the commission doubted its authority to act in the premises, and the act was amended in 1907 (Laws 1907, p. 536, chap. 226). It is contended by the appellant that the power given by such amendments did not confer the power of trackage connection. Section 3, page 538, of the Laws of 1907, vests the commission with power, upon complaint made, to make regulations concerning the sufficiency

of the trackage, railroad connections, siding, equipments, etc., and to order that additional trackage or siding be constructed. It is contended by the appellant that this does not make provision for physical track connections. However, from a reading of the whole section, we are convinced that the legislature intended to confer power upon the commission to compel the making of physical track connections, and that this is in harmony with the spirit of all the provisions of the act.

It is next contended that, if it should be held that the commission law does confer such authority, such power will be found to have been conferred by virtue of the Laws of 1907, and that the amendments of 1907 were not in force when the hearings in this case were instituted and citations served. This contention we think is absolutely untenable. The law of 1907, including the amendments under discussion, was approved March 16, 1907, and the proceedings in this case were instituted in May, 1907. Section 21, the last section in the act of 1907, prescribes that there shall be added a section to be designated as section 39, providing that "an emergency exists and this act shall take effect immediately." It is not reasonable to conclude that the intention of the legislature was to enact an emergency clause to take effect upon an act of the legislature which had been in effect for two years prior thereto. The natural and obvious conclusion is that the emergency clause was intended to apply to the provisions of the act of 1907.

The next, and probably most important contention of the appellant, is that, if the amendments to the commission law of 1907 were in force and shall be construed as being intended to confer authority upon the commission in respect to track connections of railroads, then the legislation is void as a delegation of legislative authority which, by the constitution of the state, was lodged with the legislative assembly; because, as is claimed, if any power has been intended to be conferred, it is the bald power of arbitrary determination as to when,

where, and under what conditions track connections may be ordered and who shall pay for the same. It is admitted that, while the power of regulation of carriers may be exercised by the state directly by its legislature, or through the medium of the commission, yet the legislature must itself determine a standard for regulation by which the commission shall be guided; and it is asserted that this has not been done by the legislation in question, and that the action of the commission under consideration is an exercise of purely legislative authority. It is conceded by the appellant that the state may regulate railways, and that this regulation may take the form of ordering track connections between railroads under appropriate conditions; but it is contended that, before power can be conferred upon such subagency, the legislature itself, by legislative declaration, must establish standards or principles of regulation by which the commission shall be guided. For the purpose of the decision in this case it may be conceded now that the authorities cited by the appellant sustain the propositions contended for by appellant, viz: That use and enjoyment of property are essential attributes to property an interference with which constitutes a taking of property; that railway property impressed with a public use can be regulated whether the regulation take the form of a regulation of rates or of enforced track connections, but that this power of regulation is not unlimited; that all regulation by the state must be just and reasonable, and that the question of the reasonableness or unreasonableness of the regulation is essentially a judicial question, and that the owners of railway property against whom regulation is sought to be enforced have a right to demand from the courts an inquiry as to the validity of this interference and submit to a court as a judicial question all controversies which may arise as to the lawfulness or reasonableness of the regulation. But an examination of the cases cited convinces us that they have no application to the case at bar, for the reason that the right to a judicial determination of the questions involved in the con-

troversy—the main proposition—is accorded to the appellant in this case by the law of 1907.

One of the main cases relied upon by appellant here, and also by appellant in case No. 7616, is *Chicago etc. R. Co. v. Minnesota*, 134 U. S. 418, 10 Sup. Ct. 462, 702, 33 L. Ed. 970, but that case was decided expressly upon the theory that no judicial determination was permitted. Justice Blatchford, in writing the opinion for the court in that case, said:

"The construction put upon the statute by the supreme court of Minnesota must be accepted by this court, for the purposes of the present case, as conclusive, and not to be re-examined here as to its propriety or accuracy. The supreme court authoritatively declares that it is the expressed intention of the legislature of Minnesota, by the statute, that the rates recommended and published by the commission, if it proceeds in the manner pointed out by the act, are not simply advisory, nor merely *prima facie* equal and reasonable, but final and conclusive as to what are equal and reasonable charges; that the law neither contemplates nor allows any issue to be made or inquiry to be had as to their equality or reasonableness in fact; that, under the statute, the rates published by the commission are the only ones that are lawful, and, therefore, in contemplation of law the only ones that are equal and reasonable; and that, in a proceeding for a mandamus under the statute, there is no fact to traverse except the violation of law in not complying with the recommendations of the commission. In other words, although the railroad company is forbidden to establish rates that are not equal and reasonable, there is no power in the courts to stay the hands of the commission, if it chooses to establish rates that are unequal and unreasonable."

It certainly cannot be contended that our statute could be so construed, for the statute itself especially provides for a review by the superior court, from which court there is an appeal to the supreme court of the state. It is given a review, not only upon the regularity of the proceedings, but upon the merits. It is true that the statute provides that the court shall hear the case only upon the testimony that is taken before the

commission; but it also provides a complete remedy if the commission refuses to accept competent testimony, and if it admits incompetent testimony, of course, the reviewing court would simply disregard it. The supreme court of this state is bound by the testimony which is introduced in the superior court and comes up in the statement of facts, and yet it could not well be said that litigants are deprived in any way of obtaining the judgment of the supreme court on questions which have been litigated in the superior court. The statute provides, in so many words, that any railroad or express company affected by the order of the commission, and deeming it to be contrary to the law, may institute proceedings in the superior court of the state of Washington in the county in which the hearing before the commission upon the complaint has been held, and have such order reviewed and its reasonableness and lawfulness inquired into and determined. Time is given to take this review. All the testimony upon which the commission acted is brought before the court, and we are utterly unable to conclude that the question is not finally determined by a judicial arbiter.

Many statements are made by counsel for appellant in regard to the provisions of the statute; for instance, it is asserted by the appellant in *State ex rel. Great Northern R. Co. v. Railroad Commission, supra* (No. 7616), that this legislation is cunningly devised to give to the common carrier the right to a proceeding which is a judicial investigation in name only, and utterly lacking in the substance and quality of an ordinary judicial proceeding, and to prohibit the courts from pursuing any line of investigation except that which has been dictated by the commission, or having before it any facts or evidence except such as the commission may determine. On page 98 of appellant's brief it is asserted that the vice of the statute consists in limiting the court in such inquiry to such evidence as the commission may see fit to take or certify; but a perusal of the statute itself shows that there

is no justification for such assertions. Section 5 of the Laws of 1907, page 548, provides as follows:

"And the court before which such hearing is had, in case it finds any such findings so sought to be reviewed unjust, incorrect, unreasonable, unlawful or not supported by the evidence, shall make new and correct findings to take the place of such as may not be sustained, unless such findings are set aside and reversed for error on the part of the commission in rejecting evidence properly proffered, in which case it shall remand such hearing to the commission with instructions to *receive the evidence so proffered and rejected;*"

a provision which flatly contradicts the statement that the evidence before the court is limited in inquiry to such evidence as the commission may see fit to take or certify. Appellant also states, on page 113 of its brief, that there is no provision whatever for any review by the superior court of any decision which the commission may make in the course of its proceedings, either in rejection or receipt of evidence which may be offered, or any review provided for any error in ruling in the course of the examination of witnesses. The portion of the statute which we have read equally answers this statement. The statute goes further and provides an appeal to the supreme court of the state, and provides that:

"In case the supreme court finds any findings so sought to be reviewed unjust, incorrect, unlawful or unreasonable, or not supported by the evidence, it shall either make and render proper findings or remand the same to the superior court with instructions to make proper findings on the evidence already submitted, *unless the same is reversed for error in rejecting evidence properly proffered, in which case the hearing shall be remanded to the commission with instructions to receive the evidence so proffered.*" Laws 1907, p. 548, § 5.

The statement that, if a witness shall appear and refuse to testify, there is no means of compelling testimony, is also answered by the statute as follows:

"The said commission before which the testimony is to be given or produced, in case of the refusal of any witness to attend, or testify, or produce any papers required by the

subpoena, shall report to the superior court in and for the
county in which the proceeding is pending by petition, that
due notice has been given of the time and place of attendance
of said witnesses, of the production of said papers, and that
the witness has been summoned in the manner provided in this
act, and that the fees and mileage of the witness has been paid,
or tendered to the witness for his attendance and testimony, ·
and that the witness has failed or refused to attend or produce
the papers required by the subpoena, before said commission,
in the cause or proceeding named in the notice and subpoena,
and ask an order of the said court, compelling the witness to
attend and testify before the said commission.    The court
upon the petition of the commission shall enter an order di-
recting the witness to appear before the said court at a time
and place to be fixed by the court in such order, and then and
there show cause why he has not responded to said subpoena."
Laws 1907, p. 544, § 4.

It then provides that, in case the witness does not purge
himself, he shall be dealt with as for contempt of court.  It is
true that there are no penalties for perjury, but the general
law on the subject of perjury provides for that.  The penalty
for perjury is not necessarily provided in every statute that
provides for the taking of the testimony of a witness.  These
statements are repeated in many forms, and arguments are
based upon the assumptions of the statements, and authorities
are cited in support of the unconstitutionality of a law such
as is indicated by the statements made; but as we have seen,
the statements not being justified by the law itself, such auth-
orities are not in point, and we have therefore not reviewed
them.

It is insisted that, inasmuch as the commission makes out
the complaint, the commission is an accuser, and it is treated
by the arguments of counsel as a tribunal in opposition to the
just interests of the railroad companies.  This court cannot
act on such an assumption.  The commission was provided for
not for the purpose of interfering with any just and legal
rights of the railroad companies or other corporations, but
as a mediatory court standing between the private interests

of the country and the interests of the carriers; and the fact that the complaint in response to petitions is made by the commission formally is not such a fact as would warrant the assumption or suspicion that the commission was not acting justly and impartially. It is true that the forms of law and procedure under which this commission is acting are not in all respects like the forms ·and procedure governing other courts; and in the language of many of the cases cited by the counsel for appellant, and repeated by the appellants themselves in their arguments, in some respects "it is not a proceeding under the forms and with the machinery provided by the wisdom of successive ages." But it occurs to us that it makes no difference whether it is a proceeding under the forms and with the machinery provided by the wisdom of successive ages, or whether it is under the powers and proceedings provided by this age. Law is a progressive science, and must necessarily regard the changing conditions of society and of the business of the country, and the legislature and courts of today ought certainly to be as well qualified to provide machinery for the guidance of a commission as was the law-making power two hundred years ago. The essential idea does not take cognizance of the antiquity of the powers and machinery under which the commission is acting, but of the question whether, under such powers and the working of such machinery, the respective legal rights of the carriers and the people are preserved. A careful examination of the whole act, we think, refutes the statements made by the attorneys for appellant that the law is cunningly. devised for the purpose of preventing railroads from obtaining just judgments, and repels the presumption that the commission provided for by the legislature is appointed for the purpose of oppressing railroad companies. We think, on the contrary, the presumption must be that the commission will act with fairness towards all parties.

It is also objected that the law provides that the commission may limit the number of witnesses. We do not think this

is an unreasonable requirement. With regard to the contention that a standard must be erected by the legislature for the guidance of the commission, we think that question is answered by the law itself, which provides in many places throughout chapter 226 that the enforcement of these different provisions shall be just, fair, and reasonable. When this imposition is placed upon the commission, with the right of the railroad company to appeal to the courts to determine judicially whether the action of the commission was just, fair, and reasonable, we think all constitutional rights are fully protected.

The contention is also made that the commission act provides for the intermingling of legislative, executive, and judicial power. If we have given the statute proper construction, the concessions made by counsel for appellant as to the character of the commission laws which it is within the powers of the legislature to enact, renders unnecessary a discussion of this proposition; but yielding the courtesy of discussion, while there is no question that the constitution of the state recognizes a division of the powers of the state into three separate co-ordinate departments, viz., legislative, executive, and judicial, it is well established that the special jurisdiction of each is understood to be applied in a limited sense, and it is not meant that they must be kept wholly and entirely distinct without any connection or dependence whatever or connecting link between them. Or, as was said by this court in *Bellingham Bay Imp. Co. v. New Whatcom*, 20 Wash. 53, 54 Pac. 774, if all quasi judicial powers were taken from administrative and executive officers, the courts would be incumbered with useless litigation, and the administration of the government would become so expensive that it would be intolerable. This question was examined at length in that case, and many cases reviewed, and the logic of the opinion and the conclusion reached is opposed to appellant's contention. In addition to this, no case has been cited by appellant, nor have we been able to find any, which sustains the view contended for. As to the public necessity for the track connections, we are not

prepared to say that the finding of the commission in that respect was not justified by the testimony.

It is also contended by appellant that the law is unconstitutional because of the alleged excessive penalties which follow the refusal to comply with the order of the commission. This, in any event, would affect the constitutionality of only that portion of the act in relation to penalties. But, as counsel for appellant and respondents both agree that the penalties are not involved in this case, for the reason that the order of the commission provides for a subsequent order specifying the proportionate amount to be made by each of the railroads of the expense of making such connections, and that such subsequent order has never been made, we will decline to pass upon the question until it is a material issue in a case presented.

Finding no error in the record, the judgment is affirmed.

RUDKIN, C. J., CROW, FULLERTON, and MOUNT, JJ., concur.

CHADWICK and GOSE, JJ., took no part.