[No. 23. *En Banc.* November 19, 1918.]

*In the Matter of the Proceedings for the Disbarment of* HIRAM C. GILL, HEBER B. HOYT, and HERMON S. FRYE.[1]

ATTORNEY AND CLIENT (7)—DISBARMENT—GROUNDS. An agreement to advise and defend, free of charge, the members of a mercantile association, which solicited membership and advertised the contract, is unprofessional as a solicitation of business; but is not ground for the disbarment of attorneys who voluntarily discontinued the arrangement and had borne a professional reputation of the highest order for many years, and were guilty of no fraud or moral turpitude.

Proceeding filed in the supreme court February 16, 1918, for the disbarment of attorneys, upon the findings of the state board of law examiners against the accused. Denied.

*The Attorney General* and *John A. Homer, Assistant,* for the state, contended, among other things, that the enumeration of grounds for disbarment is not a limitation on the general power of the court in this respect and attorneys may be removed, for common law causes whenever the exercise of their privileges and functions becomes inimical to the due administration of justice. Thornton, Attorneys, § 759; *In re Lambuth,* 18 Wash. 478, 51 Pac. 1071; *In re Robinson,* 48 Wash. 153, 92 Pac. 929, 15 L. R. A. (N. S.) 525; *State ex rel. Dill v. Martin,* 45 Wash. 76, 87 Pac. 1054; *State ex rel. Hardin v. Grover,* 47 Wash. 39, 91 Pac. 564; *State ex rel. Murphy v. Snook,* 78 Wash. 671, 139 Pac. 764; *State ex rel. Mackintosh v. Rossman,* 53 Wash. 1, 101 Pac. 357, 21 L. R. A. (N. S.) 821; *Chreste v. Commonwealth,* 178 Ky. 311, 198 S. W. 929; *Matter of Newell,* 174 App. Div. 94, 160 N. Y. Supp. 275; *Lenihan*

[1]Reported in 176 Pac. 11.

*v. Commonwealth,* 165 Ky. 93, 176 S. W. 948; *In re Hilton,* 48 Utah 172, 158 Pac. 691, Ann. Cas. 1918 A 271; *In re Radford,* 168 Mich. 474, 134 N. W. 472; *Commonwealth v. Roe,* 129 Ky. 650, 112 S. W. 683, 19 L. R. A. (N. S.) 413; *In re Egan,* 22 S. D. 355, 117 N. W. 874; *In re Rouss,* 221 N. Y. 81, 116 N. E. 782.

The conduct of appellants was inimical to the due administration of justice and warrants proper discipline by suspension or disbarment. *Chreste v. Commonwealth,* 171 Ky. 77, 186 S. W. 919, Ann. Cas. 1918 E 122; *In re Clark,* 184 N. Y. 222, 77 N. E. 1; *Ellis v. Frawley,* 165 Wis. 381, 161 N. W. 364; *Ingersoll v. Coal Creek Coal Co.,* 117 Tenn. 263, 98 S. W. 178, 119 Am. St. 1003, 9 L. R. A. (N. S.) 282; *Alpers v. Hunt,* 86 Cal. 78, 24 Pac. 846, 21 Am. St. 17, 9 L. R. A. 483; *Langdon v. Conlin,* 67 Neb. 243, 93 N. W. 389, 108 Am. St. 643, 60 L. R. A. 429; *Holland v. Sheehan,* 108 Minn. 362, 122 N. W. 1, 23 L. R. A. (N. S.) 510; *In re Welch,* 156 App. Div. 470, 141 N. Y. Supp. 381; *Matter of Newell,* 174 App. Div. 94, 160 N. Y. Supp. 275; *Matter of Schwarz,* 175 App. Div. 335, 161 N. Y. Supp. 1079; *Matter of Neuman,* 169 App. Div. 638, 155 N. Y. Supp. 428.

Mr. Gill was responsible and subject to discipline for any improper use made of his name by the firm. *Matter of Rothschild,* 140 App. Div. 583, 125 N. Y. Supp. 629; *In re Hutson,* 127 App. Div. 492, 111 N. Y. Supp. 731.

*Ogden & Clarke, Walter Schaffner, Arthur E. Griffin, Edward H. Wright,* and *Dallas V. Halverstadt,* for accused.

PARKER, J.—This cause is a consolidation of three separate proceedings which were, by stipulation, consolidated and heard together before the state board

of law examiners; and is now in this court for final disposition upon the report of the evidence produced before that board and the findings made by it. The findings are against each of the accused.

The proceedings were had before the board in pursuance of chapter 115, Laws of 1917, p. 421. Our recent decision in *In re Bruen,* 102 Wash. 472, 172 Pac. 1152, interpreting that law in the light of the constitution and the inherent power of this court relating to the disbarment and disciplining of attorneys as officers of the courts, makes it our duty to dispose of the cause upon the evidence produced before the board and reported to us; and also upon the findings of the board, except in so far as we may conclude that the latter are not supported by the evidence.

The accused are each duly admitted to practice law in the courts of this state, and have been engaged in the practice of law as copartners in Seattle for some eighteen years past. It is alleged that they have been guilty of unprofessional conduct in that they solicited business, or rather caused another to solicit business for them, through the entering into the following contract:

"This agreement made and entered into this 19th day of June, 1917, by and between the Merchants Protective Corporation, organized and existing under the laws of the state of Indiana, and authorized to do business in the state of Washington, the party of the first part; and Gill, Hoyt & Frye, attorneys at law, of Seattle, Washington, the parties of the second part:

"Witnesseth: That both parties hereunto are mutually desirous of entering into an agreement whereby said second parties are to represent the first party as its attorney with clients in office advice and consultations free, free representation as defendants in police and justice of the peace courts only.

"Now, therefore, for and in consideration of the mutual agreements herein contained, it is mutually

agreed by and between the parties hereto that the second parties shall act as attorneys for members holding paid membership certificates in the company of the first part in matters covered as above and by said membership certificate, and shall receive therefor in advance from the party of the first part the sum of one ($1) dollar per client for new clients and the sum of two ($2) dollars in renewed members per year for which they shall furnish consultation and advice, legal and otherwise, at their office and defend members in police court and the justice court in accordance with the membership certificate marked Exhibit A.

"It is further mutually agreed that said parties of the second part shall look after collections for said members on the basis of ten per cent unless otherwise agreed upon, except when suit is brought.

"It is further agreed that said second parties are not to render any services without compensation from members of said corporation, except as herein stated and in the membership certificate attached hereto and marked Exhibit A.

"It is further agreed that, at all times during the existence of this agreement, the second party will forward all legal papers and collections whenever possible to do so to associated offices of the first part.

"The parties hereto further agree that this contract shall continue for a period of time covered by the various subscription membership certificates from which the second parties receive a fee with privilege of renewal.

"In witness whereof, the parties hereto have hereunto set their hands and seals the day and year first above written. Executed in duplicate.

"(Signed)   The Merchants Protective Association,
                    "By Sam Cohen
"(Signed)  Gill, Hoyt & Frye, Attorneys at Law.

"Exhibit A.
"The Merchants Protective Corporation.
(Incorporated 1913)
"Membership Certificate
"This is to certify that ———— is admitted to membership in the above corporation; and is entitled to

legal advice and consultation on all personal business or private matters, without charge at the office of the attorneys retained by and at the expense of the above corporation, for the period of one year from the date hereof.

"Members are defended in all civil or criminal actions brought against them, at any time, in police court or justice of the peace courts, of this city, without charge by our attorneys.

"Members receive legal advice and information on all new state laws or ordinances of this city, without charge.

"The object of this corporation is to protect the above member from loss through fraud, bad credits, bad checks, unfair claims, and to arbitrate all matters when dissension arises.

"Warning.

"All persons committing crimes against the above member will be prosecuted to the full extent of the law.

"In witness whereof, the corporation has caused this certificate to be signed by its duly authorized officer and sealed with the seal of the company, this —— day of ————, 191—.

"(Seal)  S. Reiker, President.
"Gill, Hoyt & Frye, Attorneys."

It plainly appears that the Merchants Protective Corporation has no business in Seattle or elsewhere other than the solicitation of members and the collecting of the membership fees, the larger part of which fees are retained by the corporation, the balance being turned over to attorneys with whom it may have entered into contracts of this nature, in a number of different cities and towns throughout the country. Several hundred members were obtained and membership fees collected in Seattle from them by the corporation's representative, the accused receiving their share thereof under the terms of the contract. They continued to receive such fees and render services in

pursuance of the terms of the contract for a considerable time, up until the commencement of this investigation, when they voluntarily ceased to receive the fees or render service under the contract.

It seems to us that the solicitation of law business in this manner constituted unprofessional conduct subjecting the accused to discipline. It may not be an easy matter, under all conditions, to say just what acts constitute unprofessional conduct in the soliciting of business; but we think that the employment of or contracting with another by an attorney looking to the soliciting of business by the other for the attorney has always been regarded as unprofessional. Among the numerous decisions so holding we note the following: *Chreste v. Commonwealth,* 171 Ky. 77, 186 S. W. 919; *Holland v. Cheehan,* 108 Minn. 362, 122 N. W. 1, 23 L. R. A. (N. S.) 510; *Ingersoll v. Coal Creek Coal Co.,* 117 Tenn. 263, 98 S. W. 178, 119 Am. St. 1003, 9 L. R. A. (N. S.) 282; *Matter of Clark,* 184 N. Y. 222, 77 N. E. 1; *Ellis v. Frawley,* 165 Wis. 381, 161 N. W. 364. There was, however, no fraud or moral turpitude on the part of the attorneys involved.

It remains but to determine what the judgment shall be in this particular case. This, of course, is a matter of discretion, to be determined in view of all the facts shown. There is no absolute standard to guide us in this case. Each of the accused, it plainly appears from the evidence, has practiced law for eighteen years or more in our courts without any accusations of unprofessional conduct of any nature being made against either of them. Indeed, until this accusation was made, each seems to have borne a professional reputation of the highest order. The nine superior judges for King county, in whose courts the accused have had a large practice, testify to their good pro-

fessional reputation. Eleven of the leading attorneys of Seattle, among whom is a former judge of this court, also testify to the professional reputation of the accused as good. There is nothing in this record suggesting otherwise, prior to the comparatively recent occurrence of the facts upon which this prosecution is rested. We feel constrained to hold that we should not now subject either of the accused to any further punishment than has already been suffered by them through the publicity of this prosecution, and this record of our disapproval of the contract made by them with the Merchants Protective Corporation as unprofessional.

MAIN, C. J., CHADWICK, FULLERTON, MOUNT, MITCHELL, TOLMAN, and HOLCOMB, JJ., concur.

MACKINTOSH, J., took no part.