[No. 327. Department One. June 21, 1921.]

*In the Matter of the Proceedings for the Disbarment of* RUFUS L. SHERRILL.[1]

ATTORNEY AND CLIENT (8)—DISBARMENT PROCEEDINGS—ADDITIONAL CHARGES—POWERS OF BOARD. In disbarment proceedings before the state board of law examiners, it is within the powers of the board to allow the filing of additional charges after a hearing has been entered upon, a continuance being granted to give the accused full opportunity to meet the new charges.

SAME (9)—DISBARMENT PROCEEDINGS—PUNISHMENT. The verification of a complaint in disbarment proceedings by a member of the board of law examiners charged with the duty of trying the accused raises no presumption of unfairness in the proceedings, since such power is expressly conferred on the board by statute.

Proceedings filed in the supreme court January 31, 1921, for the disbarment of an attorney, upon the find-

[1]Reported in 198 Pac. 725.

ings of the state board of law examiners against the accused. Judgment of disbarment.

*Leo & Flaskett,* for accused.

*The Attorney General* and *John H. Dunbar, Assistant,* for the state.

FULLERTON, J.—This is a proceeding for the disbarment of Rufus L. Sherrill, an attorney at law, duly licensed to practice in the courts of this state.

The complaint against Mr. Sherrill, as originally filed with the state board of law examiners, contained two charges; the substance of the first being, that he had wrongfully appropriated to his own use money sent him in his capacity as an attorney by a judgment debtor for the purpose of satisfying a judgment; and the second, that he was of immoral and dissolute habits, a habitual drunkard, and had been guilty of violating the liquor laws of the state, and had paid fines and served jail sentences upon convictions for such offenses. On the filing of the complaint, the board appointed a time and place for hearing the same, and caused notice thereof to be served on Mr. Sherrill. At the time and place appointed, Mr. Sherrill appeared and filed a written answer to the charges; the answer being in substance a general denial of the charges, save that he expressly admitted that he had been found guilty and had paid fines and had served jail sentences for unlawfully having in his possession intoxicating liquors. The hearing then proceeded upon the charges on which issue was taken, in which hearing evidence was introduced both in support and in disproof of the charges. On the conclusion of the testimony, the attorney representing the prosecution announced to the board that since the filing of the complaint on the pending charges, additional charges against the accused had

been brought to his attention which he desired to investigate, and moved the board for a continuance of the hearing to some future day certain with leave to file a supplemental complaint in case he found sufficient substantiation of the charges. To this Mr. Sherrill, who was then appearing on his own behalf, made no objection, and on the suggestion of a date by the chairman of the board, answered that it was satisfactory. The hearing was then adjourned until Wednesday, November 10, 1920, the chairman directing that any complaint containing additional charges be served upon the accused at least ten days prior to the time to which the hearing was adjourned.

On October 22, 1920, an amended and supplemental complaint was filed with the secretary of the board. This complaint contained the charges set forth in the original complaint in substantially the language there pursued, and contained in addition two further charges; the first of which is that he aided and abetted one Julia B. Smith in the practice of criminal abortion, and the second, that after the conviction of Mrs. Smith for the crime of criminal abortion, and after her sentence to a term in the penitentiary, he sought to persuade certain witnesses, who testified for the state at her trial, to make false affidavits for use in an application which he contemplated making to the governor of the state for her pardon.

The amended and supplemental complaint was served on Mr. Sherrill more than ten days prior to the adjourned hearing. At that time Mr. Sherrill appeared in person and by counsel, and filed certain written objections to any further proceedings. These objections were overruled by the board, whereupon evidence was introduced on behalf of the prosecution in support of the additional charges. An adjournment was then taken to a later day, at which time counsel alone ap-

peared; Mr. Sherrill personally making no further appearance. At this hearing the proceedings were conducted to a close, and later on the board returned into this court a transcript of the proceedings together with their report, finding the charges sustained and recommending that the accused be disbarred.

In this court it is contended, on behalf of the accused, that the board exceeded its powers in permitting the amended and supplemental complaint to be filed and in retrying the cause upon the additional charges set forth therein. It is argued that amendments to complaints in proceedings of this sort are governed by the statute permitting amendments to complaints in ordinary civil actions, and that there was no sufficient cause shown for allowing the amendment in this instance. But we think this a special proceeding to which the statutes referred to are inapplicable. The hearing before the board is not in its nature strictly judicial. By the statute creating the board, they are empowered only to entertain the complaint, hear and take evidence thereon, and report the evidence with their recommendations to this court, where the final judgment is entered. It is essential, of course, that the complaint against the accused state definitely and clearly the grounds of the charges against him, and that he be given full and ample opportunity to make his defense thereto, but it is not a requirement that the proceedings take any particular course, or that they comply with the practice governing the proceedings in the superior or other courts. Here the complaint was definite and certain in its charges, the accused was given ample time and a full opportunity to present his defense, and we cannot think that because the board allowed additional charges to be filed after the hearing had been entered upon, it in any way acted irregularly or without authority, much less that it so

far exceeded its powers as to render the proceedings void.

The complaint was verified by a member of the board to the effect that he believed it to be true. It is argued that this is to make the board both the accuser and the judge, and that the proceedings are void for this reason. But this is a power expressly conferred on the board by the statute, and no presumption of unfairness or partiality arises from the fact. A similar objection was made to the act establishing a railroad commission (Laws 1905, p. 145), which permitted the commission created thereby to institute proceedings "on its own motion" against public carriers. But we held this not fatal to the act, or as rendering void proceedings instituted on a complaint verified by one of the commissioners. *State ex rel. Oregon R. & Nav. Co. v. Railroad Comm.*, 52 Wash. 17, 100 Pac. 179.

The merits of the controversy we shall not discuss. Recognizing the serious consequences of the proceedings to the accused, and the rule of law that the accusations should be proven by a clear preponderance of the evidence, we have no hesitancy in saying that the evidence justifies the conclusion that the accused has been guilty of conduct demonstrating his unfitness to practice as an attorney at law.

It will therefore be the judgment of the court that the license heretofore granted the accused to practice law in this state be revoked, that he be disbarred, and that his name be stricken from the roll of attorneys.

PARKER, C. J., HOLCOMB, MACKINTOSH, and BRIDGES, JJ., concur.