## McVICAR v. STATE BOARD OF LAW EXAMINERS et al.

(District Court, W. D. Washington, S. D. May 23, 1925.)

No. 245.

**1. Courts ⬤══366(1) — Construction of state statute by its highest court is binding on federal courts.**

Whenever there has been a construction of a state Constitution or state statute by the court of last resort of the state, it is binding and conclusive on all federal courts in which such construction is involved, no matter by what procedure the same may be brought to the attention of the federal tribunal.

**2. Attorney and client ⬤══49—Procedure for disbarment under Washington statute held constitutional.**

Procedure in disbarment proceeding prescribed by Laws Wash. 1921, p. 407, *held* not subject to objection on constitutional grounds.

In Equity. Suit by Earl A. McVicar against the State Board of Law Examiners and others. On motion for preliminary injunction, and motion to dismiss bill. Motion to dismiss granted.

Joseph M. Glasgow, of Seattle, Wash., for complainant.

John H. Dunbar, Atty. Gen., and R. G. Sharpe, Asst. Atty. Gen., for defendants.

Before GILBERT, Circuit Judge, and CUSHMAN and WEBSTER, District Judges.

WEBSTER, District Judge. The purpose of this suit is to enjoin the Attorney General of the state of Washington from prosecuting, and the state board of law examiners of that state from hearing, disbarment charges preferred against the complainant, a member of the bar of this state, pursuant to the provisions of chapter 126, p. 407, Laws 1921, upon the ground that this statute is unconstitutional, in that it deprives the complainant of his property—the right to practice his profession—without due process of law, in violation of the Fourteenth Amendment to the Constitution of the United States, the case having been presented to three judges as provided by section 266 of the Judicial Code (Comp. St. § 1243), and submitted on the motion of the complainant for a temporary injunction and the counter motion of the defendants to dismiss the bill for want of equity.

The original statute of the state of Washington, creating a state board of law examiners and defining its powers and duties, was enacted in 1917, being chapter 115 of the Session Laws of that year. This act provided in substance that all complaints alleging acts of immoral or unprofessional conduct on the part of members of the bar of this state should be filed with the board by any person knowing of such acts or conduct, or by the board itself upon its own motion, and upon presentation of such charges, if deemed by the board sufficient to invoke action, notice was required to be given the attorney complained against, fixing the time and place for hearing the charges so preferred. Ample and comprehensive procedure was defined for issuing subpœnas, the taking of testimony, and the conducting of the proceedings generally. The act further provided that the board should make findings upon the evidence produced, and should, if it deemed justified, suspend or annul the license of such attorney to practice law. It also provided that any person whose license had been annulled or revoked by the board might petition the Supreme Court of the state to review the findings of the board, and to reverse or modify the same upon proper showing. It will be noted that this statute undertook to confer upon the board the power to take final action in the cases brought to its attention, subject only to the right of the attorney involved to petition the Supreme Court for a reversal or a modification of the orders made by the board. In the absence of such petition the action of the board was final and conclusive.

The first case calling for the construction and application of this statute to reach the Supreme Court of Washington was the case of In re Bruen, 102 Wash. 472, 172 P. 1152. It was considered by the whole court, and the conclusions reached were that, the power to hear and determine the right of an attorney to practice law being inherently judicial, that portion of the act giving the board power to hear and determine disbarment proceedings created a judicial tribunal in violation of the Constitution of Washington; that the act, though unconstitutional in so far as it authorized the board to render final judgment of disbarment, subject to review by the Supreme Court, was valid as to the delegated legislative and administrative functions conferred upon it, and authorized the board to hear and pass upon the evidence adduced, and to report the same to the Supreme Court for appropriate action, the valid being separable from the invalid portions of the act. In the course of the opinion it is said:

"We are of the opinion that this court, having been exclusively vested with the power of admitting attorneys to practice, may

also be exclusively vested with the power of disbarring attorneys from practice. While it is a matter of great importance to the private practitioner, it is also a matter of great public concern. Having the sole and exclusive power in such matter, not prohibited by any constitutional provision, and not infringing in any way upon any legislation of the state, except that part of chapter 115 last discussed, the Legislature provided an intermediary agency whereby the power of the court could be more generally and efficiently exercised. To that extent the legislation was warranted and valuable. The invalid portion is manifestly separable from the valid portions of the act, which may therefore be sustained.

"There is no merit in the contention that the legislation takes property or property right without due process of law, in violation of the state and federal Constitutions. Notice and hearing are provided for, and the final hearing will be speedily had in the court of last resort of the state, without any considerable expense to the person accused. This meets every requirement of the Constitutions. We hold, therefore, that the act is in all respects constitutional, except the provision for a final order or judgment of disbarment by the board of law examiners. It will be their duty henceforth, upon proceeding against any person accused under the act, to have a hearing and report their findings to this court. No judgment or order shall be made by them, but the matter shall be determined and reviewed by this court in accordance with the rules which we have already adopted."

The next case arising under this statute to engage the attention of the Supreme Court of Washington was In re Gill, 104 Wash. 160, 176 P. 11, in which this language is found:

"The proceedings were had before the board in pursuance of chapter 115, p. 421, Laws of 1917. Our recent decision in In re Bruen, 102 Wash. 472, 172 Pac. 1152, interpreting that law in the light of the Constitution and the inherent power of this court relating to the disbarment and disciplining of attorneys as officers of the courts, makes it our duty to dispose of the cause upon the evidence produced before the board and reported to us, and also upon the findings of the board, except in so far as we may conclude that the latter are not supported by the evidence."

From this it will be seen that the court regarded the board as merely an "intermediary agency" for the taking of evidence and reporting thereon, and that the order finally entered reflected the independent judgment of the court, uninfluenced either in whole or in part by the action taken by the board.

Next in chronological order is the case of In re Mills, 104 Wash. 278, 176 P. 556, wherein the court said: "The constitutional questions raised by the defendant are disposed of against his contentions in In re Bruen, 102 Wash. 472, 172 Pac. 1152, and need not be here considered." In this case, also, the court considered the evidence taken by the board and declared its independent judgment thereon.

Next comes the case of In re Ward, 106 Wash. 147, 179 P. 76. In this case the same questions were raised and urged upon the court as those presented in the Bruen Case. Touching the constitutionality of the act the court said: "This question was met and determined in the case of In re Bruen, 102 Wash. 472, 172 Pac. 1152. It was there held that the act was 'in all respects constitutional, except the provisions for a final order or judgment of disbarment by the board of law examiners.' In that opinion the objections now urged were fully discussed and we adhere to the views there expressed." Again in this case the court reviewed independently the evidence taken before the board. Ward, being dissatisfied with this disposition of the case, removed it to the Supreme Court of the United States on writ of error, and after argument in that court it was dismissed for want of jurisdiction, upon the authority of the case of Gasquet v. Lapeyre, 242 U. S. 367, 37 S. Ct. 165, 61 L. Ed. 367. See Edward C. Ward v. State of Washington, 257 U. S. 612, 42 S. Ct. 50, 66 L. Ed. 396.

In the Gasquet Case, upon the authority of which the Ward Case was dismissed, it was held that there is nothing in the clauses of the Fourteenth Amendment to the Federal Constitution, guaranteeing due process and equal protection of the law, which converts an issue respecting the jurisdiction of a state court under the Constitution and statutes of a state into anything other than a question of state law, the decision of which by the state court of last resort is binding upon the Supreme Court. This pronouncement clearly answers the contention of counsel for complainant that the Supreme Court of Washington erred in holding in the Bruen Case that it was vested with the exclusive power to disbar attorneys for misconduct.

The only difference between chapter 115, Laws 1917, the original act, and chapter 126, Laws 1921, the present statute, upon which the disbarment proceedings here involved are

predicated, so far as the questions here presented are concerned, is that the present law by its terms defines a procedure substantially the same as that outlined by the Supreme Court of Washington in the Bruen Case. The 1921 act provides: "There shall be a hearing before the Supreme Court upon the record certified by the board under such rules of procedure as the court may prescribe. The Supreme Court shall render such judgment as the facts warrant or may remand the case to the board for further investigation and consideration. The attorney may be disbarred, or suspended, or subjected to such other discipline as the court may decree."

An examination of the transcript of record filed in the Supreme Court of the United States in the Ward Case discloses that all the questions insisted upon in this case were raised and urged upon the Supreme Court in that case. In the light of this we are constrained to hold that the disposition of the Ward Case by the Supreme Court is conclusive upon the questions here involved.

Counsel for complainant insists, however, that there is a vital distinction to be noted, arising out of the difference in the manner in which the questions involved reached the Supreme Court of the United States in the Ward Case and the manner in which they were raised in the case at bar. It is said that in the Ward Case the matter for review reached the Supreme Court of the United States upon writ of error to the Supreme Court of Washington, whereas in this case the questions are presented to a federal court in the first instance. This difference may be granted, but nothing has been suggested, and we are unable to conceive of anything which in any way affects the merits of the constitutional questions involved or the binding force of state decisions because of this difference in procedure.

[1] Obviously, when a case goes to the Supreme Court of the United States on writ of error to the court of last resort of a state, to review a case involving the construction of a state Constitution or statute, there is a decision of the court of last resort of the state upon the questions presented; but if the case is originally commenced in a federal court, and in due course reaches the Supreme Court of the United States through federal channels, it may be that the Constitution or statute under review has not been construed by the court of last resort of the state in question, in which event it becomes necessary, in order to dispose of the litigation, for the federal courts to pass independent judgment upon the merits of the questions presented. But in either case, whenever there has been a construction of a state Constitution or a state statute by the court of last resort of the state, it is binding and conclusive upon all federal courts in which such construction is involved, no matter by what procedure the case may be brought to the attention of the federal tribunal.

[2] The point is pressed with great earnestness that the notice given complainant cited him to appear before the board, whereas the evidence is to be considered and the final judgment rendered by the Supreme Court; that therefore he has been denied due process of law for lack of notice to appear before the tribunal having the power to render judgment. This insistence is devoid of merit. It was urged upon the Supreme Court of the United States in the Ward Case and rejected. Moreover, the machinery provided by the act of 1921 amounts to little else than constituting the board of law examiners, the members of which are chosen by the court, masters of the court to take proof and submit findings thereon, of the taking of which proof complainant in this case had due and adequate notice.

"At common law an attorney was always liable to be dealt with in a summary way for any ill practice attended with fraud or corruption, and committed against the obvious rules of justice and honesty. No complaint, indictment, or information was ever necessary as the foundation of such proceedings. Usually they are commenced by rule to show cause, or by an attachment or summons to answer; but these are issued on motion or bare suggestion to the court, or even on the knowledge which the court may acquire of the doings of an attorney by their own observation. No formal or technical description of the act complained of is deemed requisite to the validity of such a proceeding. Sometimes they are founded on affidavit of the facts, to which the attorney is summoned to answer; in other cases, by an order to show cause why he should not be stricken from the roll; and, when the courts judicially know of the misconduct of an attorney, they will of their own motion order an inquiry to be made by a master without issuing any process whatever, and on the coming in of his report will cause his name to be stricken from the roll." In re Randall, 11 Allen (Mass.) 473.

It was also argued with vehemence that the statute is void because it authorizes a member of the board to prefer charges against an attorney, and then to sit as a

member of the board for the consideration of the charges so preferred. Verification of the formal charges in disbarment proceedings by a member of the board of law examiners charged with the duty of taking evidence and reporting thereon to the Supreme Court of the state raises no presumption of unfairness in the proceedings, and in no wise invalidates the statute, since such power is expressly conferred by the statute in dealing with a matter of great public concern in which the members of the board have no personal interest. Furthermore the board has no power to pass upon the merits of the charges made. In re Sherrill, 116 Wash. 143, 198 P. 725; State ex rel. v. Railroad Commission, 52 Wash. 17, 100 P. 179.

Upon consideration of all aspects of the matter we are convinced that the bill is without equity and should be dismissed.

Decree accordingly.